

**NUMBER 13-13-00246-CV**

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

---

**BARRY DWAYNE MINNFEE,**                                                        **Appellant,**

**v.**

**WARDEN II GARY CURRIETU, ET AL.,**                                        **Appellees.**

---

**On appeal from the 156th District Court
of Bee County, Texas**

---

# MEMORANDUM OPINION

**Before Justices Rodriguez, Benavides, and Longoria
Memorandum Opinion Per Curiam**

Appellant, Barry Wayne Minnfee, attempted to perfect an appeal from a judgment issued by the trial court. Appellant is on the list of vexatious litigants compiled by the Office of the Court Administration of the Texas Judicial System, and he has been prohibited from filing any more litigation in Texas courts without permission of a local administrative judge. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 11.104 (West Supp.

2011); *see generally* http://www.txcourts.gov/oca/vexatiouslitigants.asp.

The Clerk of this Court notified appellant that he is on the list of vexatious litigants and that he has been prohibited from filing any more litigation in Texas courts without permission of a local administrative judge. Appellant was advised that unless he has obtained the permission of the local administrative judge and provided a copy of such order permitting the filing of this appeal within ten days from the date of receipt of this notice, the appeal would be dismissed for want of jurisdiction.

Appellant has failed to respond to this Court's directive and the record before the Court fails to show that appellant obtained the permission of the local administrative judge to file this appeal. With limited exceptions not applicable to this case, "a clerk of a court may not file a litigation, original proceeding, appeal, or other claim presented by a vexatious litigant subject to a prefiling order under Section 11.101 unless the litigant obtains an order from the local administrative judge permitting the filing." *Id.* § 11.103(a) (West Supp. 2011).

The Court, having considered the documents on file and appellant's failure to correct the defect in this matter, is of the opinion that the appeal should be dismissed. Accordingly, the appeal is DISMISSED. *See* TEX. R. APP. P. 42.3(a),(c).

PER CURIAM

Delivered and filed the
13th day of June, 2013.